(*) HEALD, *in error, versus* THE STATE.

The repeal of a penal statute defeats all pending prosecutions.

Such repeal precludes the rendition of a judgment, although a *nolo contendere* had been pleaded prior to the repeal.

If, subsequently to such repeal, a sentence be imposed upon such a plea, the proceedings may be reversed on writ of error.

WRIT OF ERROR.

The statute of Aug. 29, 1850, c. 202, enacted that no person, (unless authorized in a specified mode,) should be a common seller of any strong or intoxicating liquor, on pain of forfeiting not less than twenty or more than three hundred dollars, recoverable by action of debt or by indictment.

At the October term of the District Court, 1850, the plaintiff in error was indicted for being a common seller in violation of that statute, and pleaded *nolo contendere.* He then filed a motion in arrest of judgment, which was overruled. To that overruling he filed exceptions, which were entered at the S. J. Court at its May term, 1851, at which term, the exceptions having been withdrawn, the cause was remanded to the District Court for further proceedings.

At the term of the District Court, commenced on the *second Tuesday* of June, 1851, the plaintiff was adjudged " guilty," and sentenced to pay a fine of $25, with costs taxed at $40,65.

But prior to the term, at which the judgment and sentence were rendered, the Act of *June* 2, 1851, c. 211, had gone into effect. This statute, among other things, prescribed for the same offence, a penalty different from that prescribed by the Act under which the indictment against the plaintiff had

been found, and it also repealed all former Acts inconsistent with its own provisions.

This writ of error is brought to reverse the judgment upon which said sentence had been rendered.

The errors assigned were, —

1. That the indictment does not charge any offence against any statute or common law of the State, existing and in force at the time of the trial, conviction and sentence.

2. That it does not charge any offence against any statute or common law of the State, existing and in force at the time of the sentence aforesaid.

3. That the act charged was not one at the common law, but by statute only; and the statute creating it had been repealed before the judgment and sentence were rendered.

To this assignment of errors, *Tallman*, Attorney General, in behalf of the State pleaded *in nullo est erratum.*

*Gould*, for the plaintiff in error.

1. No judgment in a criminal case can be rendered after the statute, upon which the prosecution is founded, has been repealed. *Commonwealth* v. *Marshall*, 11 Pick. 350 ; 1 Kent's Com. 535 ; *Thayer* v. *Seavey*, 11 Maine, 287.

2. This indictment was founded on the statute of 1850. By the 18th section of the law of June 2d, 1851, all Acts inconsistent with that of 1851 were repealed ; and this judgment was rendered subsequent to the 2d of June, 1851.

The 8th section of the law, 1851, is a revision of the whole subject matter of the statute of 1850, which by *necessary implication* would have repealed that statute without a provision to that effect. *Commonwealth* v. *Cooley*, 10 Pick. 37 ; 7 Mass. 140 ; *Bartlett* v. *King*, 12 Mass. 537 ; *Goddard* v. *Boston*, 20 Pick. 410 ; *Ellis* v. *Page*, 1 Pick. 45.

The case was submitted without argument for the State.

HOWARD, J. — The plaintiff in error was prosecuted and convicted, under an Act, of August 29, 1850, (c. 202,) " in relation to common sellers of intoxicating liquors." But, before judgment and sentence were awarded, that Act had

been repealed unqualifiedly, by the statute of 1851, (c. 211, § 18,) without any saving clause, as to actions or prosecutions pending upon its provisions. There was then no law in force, upon which the judgment can be sustained. *Inhab'ts of Saco* v. *Gurney*, 34 Maine, 14, and cases there cited.

*The errors, therefore, are all well assigned,*
*and the judgment is reversed.*

SHEPLEY, C. J., and TENNEY, RICE and HATHAWAY, J. J., concurred.